Filed 4/30/26  P. v. Kernan CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>STEPHEN CHARLES KERNAN,<br><br>　　　Defendant and Appellant. | A173956<br><br>(City & County of San Francisco<br>Super. Ct. No. CRI20002320) |

**MEMORANDUM OPINION**[1]

A jury convicted Stephen Charles Kernan of reckless driving and leaving the scene of an accident resulting in serious bodily injury.  The trial court sentenced him to two years in prison — with execution suspended — two years of probation and 90 days of home detention, and it ordered him to pay victim restitution.  He appeals.  His counsel filed a brief asking this court to review the record to determine whether there are arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Kernan was told he had a right to file a supplemental brief, but he has not done so.

In February 2020, Kernan was driving his wife's Prius while wearing a foot brace; she was in the car.  He was stopped at a red light when the car

_____

[1] We resolve this case by memorandum opinion, including only necessary facts.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

1

began "to lurch forward," hitting a man in the crosswalk. The man was pinned against a bus, and he lost both legs as a result. The car's event data recorder (EDR) indicated it was stopped about 3.25 seconds before impact, its throttle then increased from zero to 98.5 percent, and it shifted to neutral roughly 1.5 seconds before impact. About nine seconds later, the car began moving again, leaving behind its front bumper and license plate. Kernan steered it around the bus and onto a sidewalk, hitting at least one more person. It traveled several blocks before stopping. Minutes later — after Kernan spoke with his wife, and the two of them got out of the car and saw it had been damaged — he drove back to the scene and spoke with officers.

The prosecution charged Kernan with two counts of leaving the scene of an accident resulting in serious bodily injury, one count of leaving the scene of an accident resulting in injury, and one count of reckless driving. (Veh. Code, §§ 20001, subds. (a), (b)(2), 23103, subd. (a).) Later, the prosecution dropped the count of leaving the scene of an accident resulting in injury.[2]

At trial, Kernan testified he thought his foot was on the brake when the car initially began moving, and the car was not under his control when he drove away from the scene. A defense expert also testified concerning pedal misapplication and mode confusion. An officer testified he inspected the car and found no issues with its steering, throttle, or brakes; nor did he find evidence that it shifted gears on its own. He also testified concerning the analysis of the information downloaded from the car's EDR. While there appears to be no dispute that the initial collision was the result of pedal confusion or misapplication — Kernan using the accelerator when he

---

[2] As to the second victim, the jury found Kernan not guilty of leaving the scene of an accident resulting in serious bodily injury.

2

intended to use the brake — the prosecution argued the evidence showed he thereafter shifted the car into drive and fled.

Before trial, the parties filed motions in limine. Most were unopposed or decided in Kernan's favor. But the prosecution successfully sought the exclusion of Kernan's hearsay statements to the police. Kernan argued they fell within the spontaneous statement exception. After reviewing the officer's body-worn camera footage, the trial court disagreed. It noted that Kernan did not appear to be distressed or emotional, he did not indicate he was stressed or excited, and instead he appeared calm. But the court allowed the defense to introduce statements made to the police by Kernan's wife, which in turn relayed statements Kernan made to her during the incident, finding both to be spontaneous statements.

The trial court also denied Kernan's attempt to introduce several short videos — "dashcam videos and surveillance videos of cars suddenly accelerating . . . in a way that's pretty self-apparent to be unintentional driving" — to "show what pedal confusion looks like in the wild." The prosecution argued the videos would not aid the jury and would be "incredibly prejudicial." The court agreed the videos could be misinterpreted as indicating what happened in this case and would be very prejudicial; moreover, it noted there was a lack of foundation to establish the videos were in fact evidence of pedal confusion, as opposed to "a driver having a medical emergency or a drunk driver."

Kernan was represented at trial by counsel. The evidence supports the trial court's findings, and we see no error or abuse of discretion in its rulings. Having independently reviewed the record, we find no meritorious issues to be argued and affirm the judgment.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
TUCHER, P. J.


_____
FUJISAKI, J.

A173956; *People v. Kernan*